IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO BROWNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-085 |
| | ) | |
| BARBARA GRANT, Unit Manager; LISA FOUNTAIN, Interim Manager; HOMER BRYSON, Comissioner; MS. LEWIS, Deputy Warden of Care and Treatment; PHILLIP HALL, Warden; RODNEY MCCLOUD, Deputy Warden of Security and Supervisor of the Tier II Program; FREDRICK JOHNSON, Unit Manager; and MICHEAL WOODS, C/O II, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 4), Plaintiff's Motion to Appoint Counsel be **DENIED AS MOOT** (doc. no. 3.), and this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

**II. DISCUSSION**

    **A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes: (1) Browner v. G.D.C. Offender Administration, 6:15-cv-121, doc. nos. 6, 8 (S.D. Ga. Dec. 18, 2015); (2) Browner v. Fountain, 6:15-cv-126, doc. nos. 5, 6 (S.D. Ga. Aug. 1, 2016); and (3) Browner v. Fountain, 3:16-cv-012

(S.D. Ga. June 16, 2016). The first two cases qualify as strikes under § 1915(g) because they were dismissed for failing to state a claim. The final case was dismissed for providing dishonest filing information, and it also qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Pinson v. Grimes, 391 F. App'x 797, 798-99 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike). Because Plaintiff has at least three strikes, he cannot proceed IFP in the present case unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains of sexual harassment and bugs being placed in his food at TSP in late August 2016. (See doc. no. 1, pp. 2-3.) Notably, however, Plaintiff did not file this complaint until November 2016, over one month later. (Id., pp. 1, 5-6.) Plaintiff's delay in bringing his suit indicates he is not under threat of any imminent danger, and nothing in his complaint plausibly establishes otherwise. Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Plaintiff's Motion to Appoint Counsel Is Moot.

Plaintiff has also filed a motion to appoint counsel. (Doc. no. 3.) Because Plaintiff's case is ripe for dismissal, his motion to appoint counsel should be **DENIED AS MOOT**.

3

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 4), Plaintiff's Motion to Appoint Counsel be **DENIED AS MOOT** (doc. no. 3.), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 28th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA